IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MICHELLE BLAND, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO. 3:09CV272 |
| THE DOUBLETREE HOTEL DOWNTOWN, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This matter is before the Court on the Defendant's motion for judgment on the pleadings (Docket No. 15) and, in the alternative, for summary judgment (Docket No. 17). For the reasons set forth herein, Defendant's motions are GRANTED.

### I. FACTUAL BACKGROUND

This action arises from alleged violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq, and the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. The Doubletree Hotel Downtown ("Doubletree") asserts that pro se Plaintiff, Michelle Bland ("Bland"), is judicially estopped from bringing said claim because she failed to disclose the existence of this action in bankruptcy proceedings that she pursued. (Def.'s Mem. Supp. Mot. ¶ 2.) Doubletree seeks that this matter be dismissed with prejudice. (Id. at "Wherefore Clause".)

Bland worked for Doubletree until August 2007, thereafter filing a grievance with the Equal Employment Opportunity Commission ("EEOC"). (Id. ¶ 3; Pl.'s Mem. Supp. Resp. Def.'s

1

Mot. at 2.) On April 15, 2008, Bland filed a voluntary petition for bankruptcy; however, she did not list any claim against Doubletree as a contingent or unliquidated claim. (Def.'s Mem. Supp. Mot. Ex. 1. at 10, 30, 32.) On April 16, 2008, Bland filed her Chapter 13 Plan, which was approved and confirmed on July 17, 2008. (Id. Ex. 2; Id. Ex. 3.) On January 30, 2009, the EEOC issued Bland a right-to-sue letter, and on May 01, 2009, Bland filed her complaint against Doubletree, alleging a hostile work environment for which she seeks monetary damages. (Compl. ¶¶ 1, 2, 5; Id. at 3.)

In her bankruptcy petition filed in 2008, Bland marked the "none" box for personal property of unliquidated claims, did not list any administrative proceedings to which she was a party, and declared under perjury that this was "correct to the best of [her] knowledge, information, and belief." (Def.'s Mem. Supp. Mot. Ex. 1 at 10, 30, 32.) However, on December 21, 2009, after learning that she was required to disclose the claim against Doubletree, but prior to being served with Doubletree's responsive motions, Bland amended her petition to include the claim with an estimated value of one dollar. (Pl.'s Mem. Supp. Resp. Def.'s Mot. Ex. 2; Pl.'s Resp. Def's Mot. ¶ 2.)

## II. ANALYSIS

### A. Standard of Review

In ruling on a motion under Rule 12(b)(6) or 12(c), the court may consider the factual allegations made in the complaint, documents attached to the complaint or motion to dismiss which are integral to the complaint, and matters of public record of which the court may take judicial notice. Fed. R. Civ. P. 12(d); Blankenship v Manchin, 471 F.3d 523, 526 n.1 (4th Cir. 2006) (noting consideration of matters attached to motion to dismiss that are authentic and

integral); see Papasan v. Allain, 478 U.S. 265, 268 n.1 (1986) (noting that the court can take notice of items set forth in the public record on a Rule 12(b) motion to dismiss); Anderson v. FDIC, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) (noting judicial notice of records of bankruptcy court); Bratcher v. Pharm. Prod. Dev., Inc., 545 F. Supp. 2d 533, 588 n.3 (W.D.N.C. 2008) (noting judicial notice of EEOC complaint and right-to-sue notices). If any documents, aside from the pleadings and other documents just noted, are presented with a motion to dismiss and not excluded by the court, the motion to dismiss must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).

Moreover, district courts have discretionary authority under Rule 12(d) to convert a Rule 12(c) motion into a Rule 56 motion. See Bosiger v. U.S. Airways, 510 F.3d 442, 450 (4th Cir. 2007 (citing with approval Federal Practice and Procedure § 1366 (recognizing the district court's discretionary power)). Under the plain language of Rule 12(d), a court may choose to exclude from its consideration of the motion any matters presented outside of the pleadings. Fed. R. Civ. P. 12(d). Federal Practice and Procedure § 1366 ("As the language of the rule suggests, federal courts have complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a [12(c)] motion and to rely on it, thereby converting the motion, or to reject it or simply not consider it.").

In support of their motions, Doubletree relies on the pleadings and documents of which this Court has taken judicial notice. Bland, in her response, attached a matter outside of the pleadings, namely, an affidavit in which Bland declares and affirms that she did not intentionally withhold information or intend to deceive the Court. (Pl.'s Mem. Supp. Resp. Def.'s Mot. Ex. 1.) In choosing to accept the submission of Bland's affidavit, and thereby considering a matter

outside of the pleadings, the Court converts the Rule 12(c) motion into a Rule 56 motion, and proceeds with an analysis pursuant to the summary judgment standard.[1]

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the non-moving party. Id. at 255.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact. Anderson, 477 U.S. at 247-48 (emphasis in original). Indeed, summary judgment must be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v.

---

[1] In as much as the Court will analyze the matter in the context of summary judgment, it is neither necessary nor appropriate to address any so called Twombly or Iqbal cases that pertain to motions to dismiss. Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).

Catrett, 477 U.S. 317, 322 (1986). To defeat an otherwise properly supported motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of some "metaphysical doubt" concerning a material fact. Lewis v. City of Va. Beach Sheriff's Office, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). Of course, the Court cannot weigh the evidence or make credibility determinations in its summary judgment analysis. Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004).

Furthermore, a "material fact" is a fact that might affect the outcome of a party's case. Anderson, 477 U.S. at 247-48; JKC Holding Co. v. Wash. Sports Ventures, Inc., 264 F.3d 459, 465 (4th Cir. 2001). Whether a fact is considered to be "material" is determined by the substantive law, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248; see also Hooven-Lewis v. Caldera, 249 F.3d 259, 265 (4th Cir. 2001). A "genuine" issue concerning a "material" fact only arises when the evidence, when viewed in the light most favorable to the non-moving party, is sufficient to allow a reasonable jury to return a verdict in that party's favor. Anderson, 477 U.S. at 248.

### B. Doubletree's Judicial Estoppel Argument

Doubletree asserts that Bland is judicially estopped from pursuing this action because Bland's failure to disclose the claim against it in her bankruptcy proceedings was not inadvertent. (Def.'s Mem. Supp. Mot. at 8.) Judicial estoppel is an equitable doctrine invoked at a court's discretion. New Hampshire v. Maine, 532 U.S. 742, 750 (2001). "Judicial estoppel ... prevent[s] a party from taking a position in a judicial proceeding that is inconsistent with a stance

previously taken in court." Zinkland v. Brown, 478 F.3d 634, 638 (4th Cir. 2007). The Fourth Circuit has held that judicial estoppel applies when: "(1) the party to be estopped [is] advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position [is] one of fact instead of law; (3) the prior position [was] accepted by the court in the first proceeding; and (4) the party to be estopped [has] acted intentionally, not inadvertently." Folio v. City of Clarksburg, 134 F.3d 1211, 1217 (4th Cir. 1998) (emphasis added).[2] This Court has stated that "[t]he fourth factor - whether the litigant intentionally misled the court to gain unfair advantage - is the determinative factor in the application of judicial estoppel to a particular case." Payne v. Wyeth Pharmaceuticals, Inc., 606 F. Supp. 2d 613, 616 (E.D. Va. 2008) (emphasis added).

In a previous bankruptcy proceeding, Bland's initial position, confirmed through a Chapter 13 Plan, was that she had no contingent or unliquidated claims pending. (Def.'s Mem. Supp. Mot. Ex. 1 at 10, 30, 32; Id. Ex. 3.) Bland had, however, asserted a claim against Doubletree at the time. See Brockington v. Jones, No. 4:05-3267, 2007 WL 4812205, at *4 (D.S.C. Nov. 28, 2007) (citing Stallings v. Hussman Corp., 447 F.3d 1041, 1047 (8th Cir. 2006)) ("A debtor's failure to list a claim in the mandatory bankruptcy filings is tantamount to a representation that no such claim existed."). Accordingly, the first three Folio elements have been met.[3]

---

[2] See In re Costal Plains, Inc., 179 F.3d 197, 206 (5th Cir. 1999) (stating that with respect to the application of judicial estoppel, many courts, including the Fourth Circuit, have imposed the additional requirement that the party must have acted intentionally, not inadvertently).

[3] Where a debtor fails to list a potential claim on the debtor's bankruptcy petition, and fails to amend the petition when the claim becomes known, the first three Folio elements are generally met. Payne, 606 F. Supp. 2d at 615-16.

At the same time, the Fourth Circuit has held that, "[w]ithout bad faith, there can be no judicial estoppel." Zinkand, 478 F.3d at 638. It is inappropriate to apply the doctrine when a party's prior position was based on inadvertence or mistake. John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir. 1995); see also Ryan Operations G.P. v. Santiam-Midwest Lumber Co., 81 F.3d 355, 362-63 (3d Cir.1996) ("The doctrine of judicial estoppel does not apply when the prior position was taken because of a good faith mistake rather than as part of a scheme to mislead the court."). "[W]hether the litigant intentionally misled the court to gain unfair advantage - is the determinative factor in the application of judicial estoppel to a particular case." Payne, 606 F. Supp. 2d at 616. It has been held that when the debtor lacks knowledge of the undisclosed claims, or lacks a motive for concealment, the failure can be deemed inadvertent. Id.; Ward v. Family Dollar Stores, Inc. (In re Family Dollar), No. 3:08MD1932, 2009 WL 1750908, at *4 (W.D.N.C. June 19, 2009) (citing Brockington, 2007 WL 4812205, at *4); see also In re Costal Plains, Inc., 179 F.3d at 210.

Bland filed a grievance with the EEOC in August 2007 and filed her bankruptcy petition in April 2008. (Pl.'s Mem. Supp. Resp. Def.'s Mot. at 2; Def.'s Mem. Supp. Mot. Ex. 2.) Bland was issued a right-to-sue letter in January 2009, filed the current complaint in May 2009, and amended her bankruptcy petition in December 2009 to include the claim against Doubletree. (Compl. at 1, 3; Pl.'s Mem. Supp. Resp. Def.'s Mot. Ex. 2.) Although it is questionable whether Bland knew that a potential cause of action existed prior to receiving her right-to-sue letter, there is no dispute that Bland had knowledge of the claim at the time, and although Bland amended her bankruptcy petition, she did so approximately seven months after filing the complaint against

Doubletree.[4]

There is also no dispute that Bland had a motive for concealment. Bland's Chapter 13 Plan provides for payment of approximately 51% of her unsecured debt to various creditors. (Def.'s Mem. Supp. Mot. Ex. 2 at 1-2.) Compare Lewis v. Weyerhaeuser Co., 141 Fed. App'x 420, 426 (6th Cir. 2005) ("It is always in a Chapter 13 petitioner's interest to minimize income and assets."), and DeLeon v. Comear Indus., Inc., 321 F.3d 1289, 1291 (11th Cir. 2003) (holding that a financial motive to hide assets exists under Chapter 13 because the amount disclosed affects the amount to be discounted and repaid), with Bohanan v. Bridgestone/Firestone N. Am. Tire, L.L.C., No 3:06cv122, 2007 WL 1091209, at *6-7 (M.D. Tenn. Apr. 10, 2007), aff'd, 260 Fed. App'x 905 (6th Cir. 2008) (stating that when a Chapter 13 Plan provides for payment of 100% of unsecured claims, there is little motive to conceal a cause of action since the debtor would not be able to recoup anything).

Doubletree mistakenly asserts that this Court has previously granted a motion to dismiss on judicial estoppel grounds where a Title VII plaintiff failed to disclose the existence of a claim in a bankruptcy schedule. (Def.'s Mem. Supp. Mot. at 4.) However, in James v. Circuit City Stores, Inc., cited by Doubletree, this Court granted the defendant's motion for judgment on the pleadings for lack of standing, not because the subject claim was not disclosed. James v. Circuit City Stores, Inc., No. 3:98CV720, 2004 U.S. Dist. LEXIS 30571, at *7 (E.D. Va. Sept. 7, 2004) (stating that because the plaintiff lacked standing, the court did not need to address whether the

---

[4]See In re Family Dollar, 2009 WL 1750908, at *4 (citing Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 785 (9th Cir. 2001)) (holding that knowledge exists when the debtor knows enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend the bankruptcy schedules or disclosure statements to identify a cause of action as a contingent asset).

8

plaintiff was judicially estopped from pursuing her claims). Doubletree also relies on additional cases that must be distinguished from the present case before the Court.[5] (See Def.'s Mem. Supp. Mot. at 7.) In Burnes v. Pemco Aeroplex, Inc., relied on by Doubletree, the court granted defendant's motion for summary judgment because the plaintiff petitioned the bankruptcy court to convert his Chapter 13 case to Chapter 7 and failed to disclose a pending lawsuit. Burnes, 291 F.3d at 1287-88; see Chandler, 35 F. Supp. 2d at 864-65 (granting summary judgment when plaintiff failed to disclose potential claims during conversion proceedings and subsequent amendment was unsuccessful); see also Caviness, 2007 WL 1302522, at *12 (also cited by Doubletree, granting summary judgment when plaintiff amended his bankruptcy schedule four times, but failed each time to declare pending EEOC claims). Furthermore, in Williams v. Hainje, also relied on by Doubletree, the court held that the plaintiff did not have standing to pursue the claim on his behalf, but that he could pursue the lawsuit for the benefit and on behalf of the creditors in his bankruptcy petition. Hainje, 2009 WL 2923148, at *17.

As previously noted, it is within the court's discretion whether or not to invoke the equitable doctrine of judicial estoppel. New Hampshire, 532 U.S. at 750. Bland's failure to disclose cannot be deemed inadvertent based on lack of knowledge, or for lacking a motive to conceal, and the undisputed material facts, even viewed in the light most favorable to the non-moving party, the Plaintiff, nevertheless sustain the assertion that Bland acted in bad faith, or as part of a scheme to intentionally mislead the court. Cf. Zinkand, 478 F.3d at 638; Payne, 606 F.

---

[5]Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002); Chandler v. Samford Univ., 35 F. Supp. 2d 861 (N.D. Ala. 1999); Williams v. Hainje, No. 4:06cv121, 2009 WL 2923148 (N.D. Ind. Sept. 10, 2009); Caviness v. England, No. S-04-2388, 2007 WL 1302522 (E.D. Cal. May 3, 2007), aff'd, No. 2:04cv2388, 2007 WL 1577707 (E.D. Cal. May 31, 2007).

Supp. 2d at 616. Such a conclusion is mandated by the undisputed material fact that while Bland amended her petition to include the claim against Doubletree; she stated the amended claim's value to be but one dollar. (Pl.'s Mem. Supp. Resp. Def.'s Mot. Ex. 2.) While the Court would be receptive to the conclusion that Bland neglected to initially include the Doubletree claim in the bankruptcy proceeding as a result of inadvertence where she amended her petition upon supposedly learning for the first time of the necessity for doing so, the Court cannot ignore or discount the undisputed fact that she valued the claim at such a negligible amount while seeking a bounty in this litigation. The Court simply cannot tolerate such purposeful action.

### III. CONCLUSION

For the reasons discussed herein, Defendant's motions are GRANTED.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: March 2, 2010