IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MICHELLE BLAND, ) | |
| Plaintiff, ) | |
| v. ) | CIVIL NO. 3:09CV272 |
| THE DOUBLETREE HOTEL DOWNTOWN, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the Plaintiff's motion to alter or amend judgment (Docket No. 24). For the reasons set forth herein, Plaintiff's motion is DENIED.

## I. BACKGROUND

The Court granted summary judgment in favor of Defendant, concluding that the pro se Plaintiff was judicially estopped from pursuing this action because she failed to disclose a claim against Defendant in her previous bankruptcy petition. (Mem. Op. & Order, Mar. 2, 2010.) The Court concluded, in effect, that Plaintiff acted in bad faith, and was therefore estopped from proceeding. (Id.) The Court specifically found that although Plaintiff amended her bankruptcy petition to include the claim against Defendant, she stated the amended claim's value to be but one dollar. (Id.) The Court noted that it could not ignore or discount the undisputed fact that Plaintiff valued the claim at such a negligible amount "while seeking a bounty in this action." (Id.) Plaintiff timely filed the pending motion, asking the Court to reconsider its ruling on Defendant's motion for summary judgment on the ground that information regarding a manifest

error of fact had not been presented to the Court.  (Pl.'s Mot. to Alter or Amend J. at 1-2.)

## II. GOVERNING STANDARD

Plaintiff moves for reconsideration under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure.  "[The Fourth Circuit has] squarely held …that a motion filed under both Rule 59(e) and Rule 60(b) should be analyzed only under Rule 59(e) if it was filed no later than 10 days after the adverse judgment and seeks to correct that judgment."  Robinson v. Wix Filtration Corp., No. 09-1167, 2010 WL 1140699, at *4 n.7 (Mar. 26, 2010) (citing Small v. Hunt, 98 F.3d 789, 797 (4th Cir. 1996)).  Accordingly, the Court proceeds with an analysis pursuant to Rule 59(e) where the Plaintiff filed her motion within the requisite time period seeking to correct the judgment.

Rule 59(e) permits the court to only amend or alter a judgment for any one of three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997).  Rule 59(e) motions may not be used, however, "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment."  Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).  A Rule 59(e) motion to amend a judgment "is an extraordinary remedy which should be used sparingly."  Id.

## III. ANALYSIS

Plaintiff does not argue that there has been an intervening change in the law, that she has new evidence that was previously unavailable, or that the Court made a clear error and must amend its Order to prevent manifest injustice.  (Pl.'s Mot. to Alter or Amend at 1.)  Specifically,

Plaintiff argues that it was counsel in her bankruptcy case who valued the amended claim at one dollar, and that Plaintiff never placed such a value on the claim; thus, this Court should correct what resulted in a manifest error of fact. (Id. at 1-3.) Plaintiff contends that said representation was made by counsel, and is not representative of *her* value of the claim; thus, she should not be penalized for this ineffective assistance of counsel. (Id. at 3.) Plaintiff's supporting arguments simply restate arguments already considered by the Court. At oral argument, Plaintiff told the Court that she did not know her claim was valued at one dollar, but that she signed the petition, affirming its accuracy. Furthermore, she does not present any new evidence not already before the Court. As noted, Rule 59(e) cannot be used to relitigate old matters. See Pac. Ins. Co., 148 F.3d at 403. Thus, Plaintiff's motion does not satisfy the requirements necessary for the court to alter or amend its judgment.

Moreover, the Court is unpersuaded that it erred in granting Defendant's motion for summary judgment. Having reviewed the Memorandum Opinion and Order granting Defendant's motion for summary judgment, as well as the parties' arguments on the Plaintiff's motion to alter or amend judgment, the Court remains convinced that no reasonable factfinder could conclude that the Plaintiff should not be estopped from proceeding in this action. Most notably, Plaintiff signed the amended bankruptcy petition which valued the claim at one dollar. As the Court explained in its Memorandum Opinion, the valuation of the claim in the amended petition at such a negligible amount cannot be ignored. Therefore, Plaintiff's argument that she never engaged in any scheme to deceive the court, despite the representations of her counsel, lacks merit.

### IV. CONCLUSION

For the reasons discussed herein, Plaintiff's motion to alter or amend judgment (Docket No. 24) is DENIED.

An appropriate Order shall issue.

/s/
Dennis W. Dohnal
United States Magistrate Judge

Richmond, Virginia
Dated: April 20, 2010